UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD BRADSHAW,

       Plaintiff,                          Hon. Janet T. Neff

v.                                         Case No. 1:21-cv-822

GRETCHEN WHITMER, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on September 22, 2021, against Governor Gretchen Whitmer and Director of the Michigan State Police, Colonel Joseph Gasper. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 7), the Court has reviewed Plaintiffs' amended complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

## LEGAL STANDARD

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as

1

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" – "that the pleader is entitled to relief."

*Id*. at 678-79 (internal citations omitted).

## ANALYSIS

Michigan, like many states, has enacted a Sex Offender Registration Act (SORA). In 2006 and 2011, Michigan enacted amendments to SORA. In *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016), the Sixth Circuit held that the retroactive application of the 2006 and 2011 amendments to SORA violated the Ex Post Facto Clause of the

United States Constitution. Almost immediately thereafter, an action was filed in the United States District Court for the Eastern District of Michigan seeking relief based on the unconstitutional retroactive application of SORA to certain Michigan residents. *Does #1-6 v. Snyder*, case no. 2:16-cv-13137 (E.D. Mich.). This case was subsequently certified as a class action. *Does #1-6*, ECF No. 46.

Plaintiff concedes that he was convicted, in 1996, of three counts of Criminal Sexual Conduct thereby subjecting him to SORA's requirements. (ECF No. 1, PageID.3). Because Plaintiff was "subject to registration under Michigan's Sex Offender Registration Act," he is a member of the class pursuing relief in the Eastern District case. *Does #1-6*, ECF No. 46. Specifically, Plaintiff is a member of the "pre-2006 ex post facto subclass." (*Id.*, PageID.693).

On February 14, 2020, the Honorable Robert H. Cleland issued an Opinion and Order granting declaratory and injunctive relief to the plaintiff class. *Does #1-6*, ECF No. 84. Specifically, the Court held that "Michigan's SORA is DECLARED NULL AND VOID" as applied to those class members, like Plaintiff, whose offense subjecting them to SORA occurred prior to April 12, 2011. *Does #1-6*, ECF No. 84, PageID.1806. However, on April 6, 2020, Judge Cleland issued an Order declaring that "any final judgment is hereby SUSPENDED for the duration of the current COVID-19 crisis." *Does #1-6*, ECF No. 91.

Plaintiff initiated the present action alleging that Defendants failed to afford him the relief required by Judge Cleland's February 14, 2020, Opinion and Order. Plaintiff requests that this Court enter a temporary restraining order "declaring enforcement of

3

the 2006 and 2011 amendments against Plaintiff violates the Ex Post Facto Clause of the United States Constitution." Plaintiff further requests that the Court permanently enjoin Defendants "from enforcing the 2006 and 2011 amendments against Plaintiff." Plaintiff's complaint must be dismissed for at least three reasons. First, Plaintiff cannot maintain the present action because he is a member of the class seeking relief in the Eastern District. Second, to the extent Plaintiff seeks to challenge Judge Cleland's rulings, he cannot do so in this forum. Third, Plaintiff's claims are moot as he has already obtained, in the Eastern District, the very relief he seeks in this Court.

    A.    Plaintiff Cannot Opt-Out of the Eastern District Action

Judge Cleland found that as to the class members, the requirements of Federal Rule of Civil Procedure 23(b)(1)(A) and 23(b)(2) were both satisfied. *Does #1-6*, PageID.694. Class actions certified under these Rules are often referred to as "mandatory class actions" because the class members are not permitted to opt-out and pursue separate actions. *See, e.g., Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) (plaintiff classes certified under Rules 23(b)(1) and 23(b)(2) are considered "mandatory classes" and "[t]he Rule provides no opportunity for (b)(1) or (b)(2) class members to opt out. . ."). Because Plaintiff enjoys no right to opt out of the subject class, he is precluded from initiating the present action seeking relief based on the claims asserted in the Eastern District action. Accordingly, Plaintiff's action must be dismissed. *See, e.g., Cain v. Snyder*, case no. 19-1879, Order (6th Cir., Jan. 22, 2020)

(affirming the dismissal of a separate action initiated by a member of the plaintiff class certified in *Does #1-6 v. Snyder*).

B.   Plaintiff Cannot Obtain Relief in this Forum

To the extent Plaintiff's complaint represents a challenge to Judge Cleland's rulings, Plaintiff must seek relief in the Eastern District of Michigan or an appropriate forum to which Judge Cleland's rulings can be appealed. This Court lacks jurisdiction to review Judge Cleland's rulings. *See, e.g., Laues v. Roberts*, 2015 WL 1412631 at *4 (E.D. Mich., Mar. 25, 2015) (one district court lacks the authority to review the rulings of another district court). Because Plaintiff cannot obtain relief in this Court, his complaint must be dismissed.

C.   Plaintiff's Claims are Moot

As noted above, Judge Cleland initially granted relief to Plaintiff and his fellow class members, but suspended the implementation of such due to COVID-19. On June 21, 2021, Judge Cleland entered an Opinion and Order granting judgment to the plaintiff class. *Does #1-6*, ECF No. 121. Taking note of interim developments, the court observed, in part, that:

> On December 31, 2020, the Michigan Legislature passed Public Act 295 ("new SORA") which adopted numerous amendments to Michigan's SORA statute designed to address the constitutional infirmities that this court found in the registry. The new SORA became effective March 24, 2021, and all parties acknowledge that the new SORA removes or modifies all provisions that this court found to be unconstitutional in its February 14, 2021 opinion. . .

(*Id.*, PageID.2448).

5

On August 26, 2021, Judge Cleland entered a Judgment providing, in relevant part, that:

> the ex post facto application of the 2006 and 2011 amendments [to SORA] is DECLARED unconstitutional, the 2011 amendments are DECLARED not severable from the pre-2021 SORA, and the pre-2021 SORA is therefore DECLARED NULL AND VOID as applied to conduct that occurred before March 24, 2021 to members of the ex post facto subclass (defined as all people who are or will be subject to registration under SORA, who committed their offense or offenses requiring registration prior to July 1, 2011, and who have committed no registerable offense since).

*Does #1-6*, ECF No. 126, PageID.2569.

Judge Cleland further ordered that "Defendants and their agents are permanently ENJOINED from enforcing ANY provision in the pre-2021 SORA against members of the ex post facto subclasses, for conduct that occurred before March 24, 2021." (*Id.*). Simply put, Plaintiff has obtained in the Eastern District action the very relief he seeks in this Court. Accordingly, the present action is moot and must be dismissed. *See, e.g., Radiant Global Logistics, Inc. v. Furstenau*, 951 F.3d 393, 395-96 (6th Cir. 2020) ("[i]f during litigation the claimant loses a personal stake in the outcome, or it becomes impossible for the court to grant meaningful relief, there is no longer a case or controversy and we must dismiss the case as moot").

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted. The undersigned further recommends that an appeal of this matter by Plaintiff would be frivolous and not be in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: September 28, 2021   /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge